```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division


                                  )
FRANK C. CARLUCCI, III,           )
        Plaintiff,                )
                                  )
            v.                    )   Civ. No. 1:12cv451
                                  )
MICHAEL S. HAN, et al.,           )
        Defendants.               )
                                  )
```

<u>MEMORANDUM OPINION</u>

THIS MATTER came before the Court on plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 99) and plaintiff's Motion for Adverse Inference, or in the Alternative, to Compel Defendants to Comply with Discovery Orders (Dkt. 112). Defendants opposed both motions merely on the grounds that the Court lost subject matter jurisdiction of this case when the defendants made an offer of judgment pursuant to Fed. R. Civ. P. 68.

The defendants' position is simply without merit. The Hon. James C. Cacheris already found that judgment on Counts II and V of the complaint is "not necessarily duplicative of the relief that might be afforded by counts III and IV, as well as punitive damage[s] may be appropriate for state common law fraud claims." (Tr. 22:7-12 (Dkt. 106).) Plaintiff is entitled to pursue these additional claims. Further plaintiff is entitled to amend his

complaint to add additional defendants and claims that came to light once defendants finally produced discovery. Therefore, plaintiff's Motion for Leave to File Second Amended Complaint shall be granted.

As to plaintiff's Motion for Adverse Inference, or in the Alternative, to Compel Defendants to Comply with Discovery Orders (Dkt. 112), on February 22, 2013 this Court previously struck defendants' objections to the Fed. R. Civ. P. 30(b)(6) deposition notice with the exception of two topics. Thereafter, Mr. Han and Envion, Inc. unilaterally cancelled their upcoming depositions, ostensibly based on their assertion of rights under the Fifth Amendment to the Constitution. Defendants' counsel well knows that even if the defendants intend to assert such rights, they must appear for the depositions, be sworn under oath, and then respond to each question asked as appropriate. Moreover, some questions posed may be answerable. The same ruling applies to the outstanding interrogatories.

Pursuant to Fed. R. Civ. P. 37(d), a party who fails to appear for deposition or answer interrogatories may be subject to sanctions. If the party fails to comply with a court's order compelling such discovery, then severe sanctions pursuant to subsection (b)(2) of that rule may be imposed. If the defendants fail to comply with the Court's order issued herewith, then in light of the defendants' course of conduct throughout the course

of this litigation, this Court will considered the severest of these possible sanctions appropriate.

An appropriate order shall issue.

ENTERED this 21st day of March, 2013.

                                                     /s/
                                  THERESA CARROLL BUCHANAN
                                  UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia