IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| FRANK C. CARLUCCI III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12cv451 (JCC/TCB) |
| | ) | |
| MICHAEL S. HAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Michael Han ("Mr. Han") and Envion, Inc.'s ("Envion") (collectively, "Defendants") Motion re: Objections to the March 21 Order of Magistrate Buchanan Granting Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion to Compel [Dkt. 130] (hereafter referred to as "Defendants' Objections"). For the following reasons, Defendants' objections are overruled.

**I. Background**

1. Factual Background

The facts of this case are recounted at length in this Court's November 1, 2012 Memorandum Opinion. Defendant Envion, Inc. is a privately-held company. According to Plaintiff's First Amended Complaint, Envion represents itself to the public

as a technology company that holds the patent rights to a proprietary system utilizing a purportedly efficient, cost effective, and environmentally sensitive technology capable of recapturing energy by converting plastic waste into usable oil.[1] (FAC ¶ 9.) Defendant Michael S. Han is the founder, Chairman, and Chief Executive Officer ("CEO") of Envion. Mr. Han allegedly "controls all aspects of Envion's business endeavors, including but not limited to, all dealings with potential investors and potential business partners, financial records, and matters relating to the intellectual property..." (FAC ¶ 3.) Plaintiff Frank C. Carlucci III ("Mr. Carlucci" or "Plaintiff") is an investor in Envion.

Plaintiff's Amended Complaint asserted five cause of action: (1) securities fraud in violation of Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 (Count I); (2) securities fraud in violation of the Virginia Securities Act, Va. Code § 13.1–501, *et seq.* (Count II); (3) actual fraud (Count III); (4) constructive fraud/negligent misrepresentation (Count IV); and

---

[1] Regarding Envion's business, Plaintiff's Amended Complaint alleges that Envion publicly represents on its website that the "centerpiece of its technology, and the foundation for the entire company, is a 'proprietary system, the Envion Oil Generator™, which transforms plastic waste back to its original form – crude oil.'" (FAC ¶ 10.) The Envion website allegedly expounds upon this description of Envion Oil Generator in calling it "a proprietary breakthrough technology developed and perfected over the past 15 years" and the "first plastic waste to oil conversion platform of its kind." (FAC ¶ 11.) Plaintiff alleges that Envion "has had no more than a handful of employees at any one time." (FAC ¶ 4.)

(5) breach of contract (Count V).  Judgment has already been entered in favor of Plaintiff and against Defendant Mr. Han and Defendant Envion, Inc., jointly and severally, on Count II, securities fraud in violation of the Virginia Securities Act, and Count V, breach of contract, in the amount of $32,393,000, 6% statutory interest under the Virginia Securities Act, attorneys' fees, and any applicable pre or post-judgment interest.  Still pending before this Court are Count I, securities fraud in violation of Section 10(b) of the Securities and Exchange Act of 1934, Count III, actual fraud, and Count IV, constructive fraud/negligent misrepresentation.

On March 21, 2013, Magistrate Judge Buchanan issued an Order and accompanying Memorandum Opinion granting Plaintiff's Motion for Leave to File Second Amended Complaint. [Dkts. 126-127.]  Plaintiff thereafter filed a Second Amended Complaint that expanded upon the allegations of the First Amended Complaint, providing additional factual allegations derived from discovery materials that had only recently been produced by Defendants.  In addition, the Second Amended Complaint added several causes of actions against additional parties, in part pertaining to what Plaintiff alleges were fraudulent transfers of funds from Defendants Mr. Han and Envion to family members and into other entities associated with Defendants.  Specifically, the causes of action added to the Second Amended

Complaint were Count VI, Fraudulent Transfer Against Mr. Han and Envion Under Florida Uniform Fraudulent Transfer Act, § 726.101 *et seq*. (hereafter referred to as the "Florida UFTA"), Count VII, Fraudulent Transfer Against Kyle Han under the Florida UFTA, Count VIII, Fraudulent Transfer Against Lyf Holdings, Inc. under the Florida UFTA, and Count IX, Fraudulent Transfer Against Hammon Avenue Partnership, L.L.C. under the Florida UFTA.

Accompanying these new causes of action and defendants were requests for additional avenues of relief. Specifically, the relief sought by Plaintiff through Counts VI-XI entails (i) finding that the Defendants have violated the Florida UFTA as alleged; (ii) entering judgment in Plaintiff's favor for the fraudulent transfers; (iii) setting aside, void, and order the return of the fraudulently transferred property and other assets as alleged herein; (iv) granting Mr. Carlucci and equitable lien and/or constructive trust upon the Palm Beach Properties, the Virginia Property, and any other property (real or personal) obtained with Mr. Carlucci's investment funds; (v) order that Defendants be enjoined from transferring or otherwise encumbering the Palm Beach Properties, the Virginia Property, or any other property, real or personal, obtained with Mr. Carlucci's investment funds; and (vi) ordering the Defendants to disgorge all of the funds obtained via the fraudulent transfers.

2. <u>Procedural Background</u>

On March 14, 2013, Plaintiff filed their Motion to File Second Amended Complaint. [Dkt. 99.] The Motion was referred to Magistrate Judge Theresa Buchanan. On March 20, 2013, Defendants filed an Opposition to Plaintiff's Motion to File Second Amended Complaint. [Dkt. 123.] On March 21, 2013, Magistrate Judge Buchanan issued an Order granting Plaintiff's Motion. Magistrate Judge Buchanan also issued an accompanying Memorandum Opinion. [Dkt. 126.] On March 22, 2013, Defendants filed a Motion re: Objections to the March 21 Order of Magistrate Buchanan Granting Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion to Compel. [Dkt. 130.]

**II. Standard of Review**

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions. Rule 72(a) also permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Fed. Election Comm'n v. The Christian Coal.*, 178 F.R.D. 456, 459-60 (E.D.Va. 1998)(citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).

A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). The leading treatise on federal practice and procedure describes altering a magistrate's non-dispositive orders as "extremely difficult to justify." 12 Wright & Miller, Federal Practice & Procedure § 3069 (2d ed. 1997). As a non-dispositive pre-trial matter, the review of a magistrate's granting of Plaintiff's Motion for leave to File Second Amended Complaint is properly governed by the "clearly erroneous or contrary to law" standard of review. *Everett v. Cherry*, 671 F. Supp. 2d 819, 820 (E.D.Va. 2009) *aff'd sub nom. Everett v. Prison Health Services*, 412 F. App'x 604 (4th Cir. 2011).

**III. Analysis**

Addressing an initial matter, the Court notes that Defendants' objections to Magistrate Judge Buchanan's ruling do not touch upon the component of the ruling pertaining to the Motion to Compel. The Court will forgo examination of any issues pertaining to that aspect of the Magistrate Judge's decision.

In short, Defendants object to Magistrate Judge Buchanan having allowed Plaintiff to file a Second Amended Complaint. Magistrate Judge Buchanan stated that "Plaintiff is

6

entitled to pursue these additional claims. Further plaintiff is entitled to amend his complaint to add additional defendants and claims that came to light once defendants finally produced discovery." (Mag. Mem. Op. 1-2.)  In short, Defendants contend that this Court lost subject matter jurisdiction on "March 13, 2013 when Defendants made an offer of judgment, pursuant to Federal Rule of Civil Procedure 68, for the full amount of remaining relief requested in the Amended Complaint." (Defs. Mot. 1-2.) Defendants also assert that "Even if Plaintiff had filed his Second Amended Complaint prior to the offer of judgment disposing of the case, which he didn't, Counts I, III, and IV would still be moot since Plaintiff has been afforded all the relief requested for those counts." (*Id.* at n.3.) Consequently, it is the contention of Defendants that "Magistrate Buchanan did not have subject matter jurisdiction to rule on Plaintiff's motions and issue the March 21 Orders." (*Id.* at 2.)

    The doctrine of mootness lies at the heart of the question that has been presented.  "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction.... [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks and citations

omitted); *see also Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373 (1983)("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Simmons v. United Mortg. & Loan Inv.*, LLC, 634 F.3d 754, 763 (4th Cir. 2011)(quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997). "A case can become moot either due to a change in factual circumstances, or due to a change in the law." Id. (quoting *BankWest, Inc., v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006)); *see also Ross v. Reed*, 719 F.2d 689, 693-694 (4th Cir. 1983)("If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented."). "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Id.* (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

Plaintiff has previously asserted that the judgment against Defendants, although appropriate in the sense that it

enters definitive judgment upon Counts II and V against Defendants and offers the possibility of relief, does not necessarily guarantee the actual recovery of the monetary judgment. Plaintiff contends that no remedy has been provided that is capable of rectifying the alleged fraudulent actions of Defendants that have inhibited, if not outright precluded, the recovery of the judgment against Defendants.  Specifically, Plaintiff contends that, based upon recently-compelled discovery, Defendants engaged in the fraudulent transfer of portions of Mr. Carlucci's investment to other entities beyond the scope of the Court's foregoing entry of judgment.  Plaintiff states that those transferred funds, a portion of which constitute part of Mr. Carlucci's investment, have been shifted out of the control of Mr. Han and Envion, entities that would likely enter into bankruptcy proceedings, according to Plaintiff. Plaintiff has stated that that it is unlikely that they would ever recover the entirety of the judgment offered by Defendants, as it is doubtful, in light of the circumstances, that Defendants would be capable of satisfying such a judgment. Indeed, Plaintiff has recently argued, in their Opposition to Defendants' Motion for a Protective Order to Stay the Proceedings [Dkt. 91], that the Court's recent entry of judgment would not afford relief of in a manner that would allow Plaintiff

> to amend his Complaint and seek recovery of
> the tens-of-millions-of dollars of assets
> fraudulently transferred by Mr. Han and
> Envion to Mr. Han's wife and other companies
> (*facts just confirmed when Defendants were
> recently compelled to produce all financial
> and other documents*)...

(Opp'n Defs. Mot. Stay 2)(emphasis in original). Thus, it is the position of Plaintiff that entry of judgment against Defendants Michael S. Han and Envion does not necessarily guarantee actual compensation, particularly so in light of those fraudulent transfers. Regarding the discovery materials that ostensibly prompted Plaintiff to move to amend their Complaint for a second time, those aforementioned materials were only produced in response to Magistrate Judge Buchanan's February 22, 2013 Order compelling Defendants to produce all of the documents Defendants had fought to protect from discovery up to that point, and striking their objections to Plaintiff's Rule 30(b)(6) Deposition Notice. [Dkts. 77-78.] In their Opposition to Defendants' Motion for a Protective Order to Stay the Proceedings, and throughout the Court's March 8, 2013 hearing, Plaintiff argued that Defendants have repeatedly stalled in the producing discovery materials, as well as in making Mr. Han available for deposition. According to Plaintiff, Defendants' delay in producing the discovery materials revealing the alleged fraudulent transfers represents part of these stalling tactics.

In their Motion for Leave to File Second Amended Complaint, Plaintiff represents that

> [i]t was only upon receipt of Defendants' financial records, including the bank statements, credit card statements, complete QuickBooks accounting software file, and tax returns, that Mr. Carlucci was able to identify the extent to which Mr. Han had misused his $32,393,000 investment and the extent to which he had fraudulently transferred Mr. Carlucci's investment funds to third-parties, including his wife and other business ventures such as Lyf Holdings, Inc. and Hammon Avenue Partnership LLC. Indeed, Mr. Carlucci was not even aware of the existence of Hammon Avenue Partnership LLC until the Defendants' February 25, 2013 production.
>
> Once Defendants complied with this Court's February 22, 2013 Order (and before his forensic accounting expert had completed his initial report), Mr. Carlucci promptly informed the Defendants in writing on March 1, 2013 of his intent to file an amended complaint.

(Mot. to File SAC 3.) The Court notes that it was first informed of Plaintiff's intention to move to amend their Complaint on March 6, 2013, when Plaintiff stated as much in their Opposition to Defendants' Motion for a Protective Order to Stay the Proceedings Pending Entry of Judgment in Favor of Plaintiff. At hearing upon Defendants' Motion for a Protective Order to Stay the Proceedings, Plaintiff represented that they would be filing a motion to for leave to amend in order to reach those assets through the addition of fraudulent transfer counts. This Court

11

also notes that it made its respective rulings on Defendants' motions with the understanding that Plaintiff would be filing a motion for leave to amend in order to reach additional parties. Plaintiff ultimately filed their Motion for Leave to File Second Amended Complaint on March 14, 2013.

The Court does not find Magistrate Judge Buchanan's ruling to have been clearly erroneous or contrary to law. Magistrate Judge Buchanan's Memorandum Opinion stated that "Plaintiff is entitled to pursue these additional claims. Further plaintiff is entitled to amend his complaint to add additional defendants and claims that came to light once defendants finally produced discovery." (Mag. Mem. Op. 1-2.) This Court finds, in light of the allegations of the Plaintiff, that such a position is reasonable. *See*, *e.g.*, *Geer v. Challenge Fin. Inv. Corp.*, No. 05-1109-JTMDWB, 2005 U.S. Dist. LEXIS 38334, at *4 (D. Kan. Dec. 22, 2005) (denying defendant's attempt to moot action by asserting offer of judgment on the basis that "this Court has recently granted Plaintiffs' motion to amend so that Plaintiffs can now assert additional claims against this defendant and other new defendants"). This Court has considered the circumstances of this case in arriving at its decision to uphold Judge Buchanan's ruling, taking into consideration the delays in discovery, the breadth of the recently procured discovery, and the allegations regarding the allegedly fraudulent transfer of Mr. Carlucci's investment.

The Court notes that Rule 68(a) provides that a plaintiff has 14 days to accept or reject an offer of judgment. Fed. R. Civ. P. 68(a) ("If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.") The Fourth Circuit has interpreted Rule 68 to provide an "irrevocable" offer during the 14-day period. *Colonial Penn Ins. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989). As Defendants purportedly made their offer of March 13, Judge Buchanan's March 21 ruling would have fallen within that 14 day period.  This Court is not aware of any authority that holds that, under these circumstances, a Rule 68(a) offer of judgment immediately divests a court of jurisdiction.  Indeed, case law holds that "the plaintiff ... is guaranteed [14] days to ponder the matter..."  *Butler v. Smithfield Foods, Inc.*, 179 F.R.D. 173, 175 (E.D.N.C. 1998)(discussing the old version of Rule 68). If the mere receipt of a Rule 68(a) offer immediately divested a court of jurisdiction under these circumstances, a plaintiff would not even be afforded a period in which the ponder the offer.  Furthermore, as Plaintiff notes, "[i]f Defendants' theory had merit, the Court could not even address the attorneys' fees and costs issues, as the mere service of an offer of judgment would automatically divest it of subject matter jurisdiction." (Pl. Opp'n n. 3.)

Defendants rely substantially upon *Bradford*, despite the fact that the case expressly states that the case "addresses the jurisdictional consequences of declining, or allowing to lapse, a Rule 68 Fed. R.Civ. P., offer of judgment that provides complete relief to a plaintiff...." *Bradford v. HSBC Mortg. Corp.*, 280 F.R.D. 257, 258 (E.D.Va. 2012). This Court believes that *Bradford* is factually distinguishable from the instant scenario, as that case pertained to the expiration of a Rule 68 offer. *Id.* at 263 ("The expiration of the Rule 68 offer that rendered Bradford's § 1641(g) claim moot extinguished power to enter judgment on the claim"). As one court described the intricacies of Rule 68:

> Nothing in the text of Rule 68 compels dismissal of a case for lack of subject matter jurisdiction when a plaintiff rejects an adequate offer of judgment. Rather, the Rule creates what amounts to a penalty scheme when a plaintiff moves forward with litigation despite being offered the maximum damages she can hope to obtain at trial ... this does not transform Rule 68 into an escape hatch from every lawsuit. Rather, as this case makes clear, whether a controversy becomes moot following a Rule 68 offer depends on the factual circumstances, the cause of action, and the procedural status of the claims at issue.

*Nash v. CVS Caremark Corp.*, 683 F.Supp.2d 195, 196 (D.R.I. 2010).

Furthermore, the Court believes that the posture of these proceedings satisfies the case-or-controversy requirement of

14

Article III and precludes Defendants' Rule 68 offer from divesting this Court of subject matter jurisdiction. Under Article III, federal court jurisdiction is limited to actual "cases" or "controversies." U.S. Const. Art. III, § 2. The case-or-controversy requirement limits the power of the federal judiciary to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where a party no longer has a "personal stake" in the outcome of a case, rendering that party's claims moot, the adversary context is eliminated and the claims cannot be resolved through the judicial process. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980).

It is clear that Plaintiff has retained a sufficient "personal stake" in the instant litigation. Should the representations of the Plaintiff prove correct, entry of judgment on Count II and Count V would not afford Plaintiff the relief that it purports to afford, and certainly would not "unequivocally offer ... all the relief [Plaintiff] sought to obtain..." *Bradford*, 280 F.R.D. at 260 (quoting *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370-71 (4th Cir. 2012)). This is particularly true in light of Plaintiff's allegations that Defendants would be unable to satisfy the judgment, thereby precluding Mr. Carlucci from recovering his investment, a state of affairs partly owing to Defendants having allegedly

fraudulently transferred funds out of their possession into the control of entities beyond the scope of the judgment. The relief sought by Plaintiff through the filing of a Second Amended Complaint is designed as a remedy to aforementioned state of affairs. Indeed, the relief sought by Plaintiff through Counts VI-IX appears to be focused upon disgorging Defendants' alleged fraudulent transfers of Mr. Carlucci's investment beyond the scope of this Court's judgment. Plaintiff's Second Amended Complaint, which adds causes of action, defendants, and avenues of relief, represents a means of retracting those transfers. *See Bevier v. Blue Cross & Blue Shield of S.C.*, 337 Fed. App'x 357, 359 (4th Cir. 2009) ("offers including only monetary damages but excluding equitable or injunctive relief would be inconsistent with Rule 68. Correspondingly, to allow a plaintiff to only accept the offers of judgment as to monetary damages would cause an action to remain pending as to equitable relief – a result clearly inconsistent with the purpose of the Rule.") (internal citations omitted). It is clear that the relief sought by Plaintiff through Counts VI-IX is not duplicative of the relief afforded through entry of judgment on Counts II and V against Defendants Michael S. Han and Envion.

Furthermore, to allow Defendants to "race to the courthouse" in order to divest this Court of jurisdiction when

16

additional defendant parties had already been identified, and thereby crystalize those alleged fraudulent transfers that allegedly preclude realization of this Court's entry of judgment upon Counts II and V, would be tantamount to a manipulation of this Court's jurisdiction, and "would endorse an unacceptably narrow understanding of Article III's case-or-controversy requirement." *Roble v. Celestica Corp.*, 627 F.Supp.2d 1008, 1013 (D.Minn. 2007) (Rule 68 did not deprive court of subject matter jurisdiction where defendant served the Rule 68 offer after Plaintiff in class action identified additional plaintiffs it intended to add and before plaintiff had the opportunity to amend the complaint to add the new plaintiffs).

In addition, this Court addressed the very issue of mootness at the March 8, 2013 hearing, explaining that the entry of judgment upon Counts II and V did not render the entire case moot, and denying Defendants' Motion to Dismiss Dismiss I, III, and IV of the [First] Amended Complaint as Moot. [Dkt. 84.] It was not erroneous for Magistrate Judge Buchanan to have relied upon this Court's ruling that the case was not moot in making her ruling. Issues of dismissal are outside the jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Geer v. Challenge Fin. Investors Corp., 2005 U.S. Dist. LEXIS 38334 (D. Kan. Dec. 22, 2005).

Finally, at the time Defendants assert they made their Rule 68(a) offer of judgment, March 13, 2013, the Court was aware of the numerous discovery issues present in this case. Court was aware of Plaintiff's intention to file a Second Amended Complaint. It bears mentioning this Court made its respective rulings on Defendants' motions and allowed entry of the judgment against Defendants with the understanding that Plaintiff would be filing a motion for leave to amend in order to those reach additional parties and add further causes of action.

This Court believes that interests of justice would best be served by allowed Plaintiff to file a Second Amended Complaint. Having considered the facts, allegations, pleadings of the parties, and current procedural posture of this case, as well as the Magistrate ruling, the Court finds that Magistrate Judge Buchanan's ruling was not clearly erroneous or contrary to law.

### IV. Conclusion

For the foregoing reasons, the Court affirms Magistrate Judge Buchanan's Memorandum Opinion and Order granting Plaintiff's Motion for Leave to a File Second Amended Complaint.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| April 16, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |