UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FRANK C. CARLUCCI, III, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 1:12cv451 |
| | ) |
| MICHAEL S. HAN, et al., | ) |
|     Defendants. | ) |
| | ) |

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's Motion for Adverse Inferences and Sanctions Against Defendants Michael S. Han and Envion, Inc. for Failure to Comply with Court Orders (Dkt. 150). At the hearing on plaintiff's motion held on April 12, 2012, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

I. PROCEDURAL HISTORY

On February 15, 2013, plaintiff filed a Motion to Compel seeking the Court to compel defendants Michael S. Han and Envion, Inc. to (1) produce financial documents that defendants had already agreed to produce; (2) complete their document production by March 1, 2013; and (3) to compel defendants to produce a witness to testify on all the topics identified in plaintiff's 30(b)(6) Notice of Deposition for Envion, Inc. (Pl.'s Mot. to Compel (Dkt. 71).)

In ruling on the motion to compel, the Court ultimately

1

held that "the defendants' document production is long overdue and incomplete, and that some of the documents that have been produced are in an unusable form... Therefore, the Court will order that all financial documents be produced by February 25, 2013 and the remainder of the documents outstanding be produced by March 1, 2013." (February 22, 2013 Mem. Op. (Dkt. 77).) The Court also struck all but two of defendants' objections to plaintiff's 30(b)(6) deposition notice for defendant Envion, Inc. and awarded fees and costs to plaintiff for bringing the motion. (February 22, 2013 Order (Dkt. 78).) The undersigned specifically noted in the February 22, 2013 Order, which accompanied the Court's Memorandum Opinion on the motion to compel, that "[f]ailure to comply may result in sanctions pursuant to Fed. R. Civ. P. 37."[1] (Id.)

However, despite the Court's Order of February 22, 2013, defendants Michael S. Han and Envion were not produced for deposition, discovery was not produced to plaintiff as ordered, and defendants did not answer plaintiff's first set of interrogatories. Defendants indicated that they were unilaterally withholding Mr. Han from depositions based on his Fifth Amendment privilege. (Mem. Supp. Pl.'s Motion to Compel 2-3 (Dkt. 113).) In light of this conduct, plaintiff filed another Motion to Compel on March 15, 2013 seeking an adverse inference

---

[1] Thereafter, Judge Cacheris entered judgment in favor of plaintiff on Counts II and V of the Amended Complaint while denying defendants' Motion to Stay and denying defendants' Motion to Dismiss. (Dkt. 98.)

on all remaining counts, or alternatively, seeking the Court to compel defendants to answer plaintiff's first set of interrogatories, complete document production, and produce Mr. Han for both his deposition and the deposition of Envion, Inc. (Dkt. 112.)

The undersigned granted plaintiff's March 15, 2013 motion to compel and ordered that all outstanding interrogatories be answered and that defendants Michael S. Han and Envion, Inc. appear for depositions. (Dkt. 127.) The undersigned also noted defendants' conduct in the accompanying Memorandum Opinion and warned defendants that the Court would consider the severest of Rule 37 sanctions should defendants fail to comply with the Order granting plaintiff's March 15, 2013 motion to compel. (Dkt. 126.) With regards to defendants' Fifth Amendment assertions, the undersigned specifically noted that some questions may be answerable at deposition because they do not implicate the Fifth Amendment.[2] (Dkt. 126.)

Thereafter, defendants Michael S. Han, both personally and as the Fed. R. Civ. P. 30(b)(6) deponent for defendant Envion, Inc., appeared for deposition and improperly asserted the Fifth Amendment for almost every question asked, not only on his behalf but also on behalf of Envion, Inc. In response, plaintiff

---

[2] Defendants objected to the March 21, 2013 Order granting plaintiff's motion to compel (Dkt. 130); however, Judge Cacheris affirmed the Court's Order on April 5, 2013. (Dkt. 153.)

filed a Motion for Adverse Inference and Sanctions Against Defendants Michael S. Han and Envion, Inc. for Failure to Comply with Court Orders. (Dkt. 150.) Defendants did not appear at the April 12, 2013 hearing on plaintiff's motion for adverse inference, and the undersigned granted plaintiff's motion. (Dkt. 162.) Subsequently, the undersigned ordered that defendants be barred from introducing any evidence at trial for a topic which they refused to answer at deposition and ordered that an adverse inference be construed against defendants at trial for their refusal to answer. (Dkt. 163.) The undersigned also took plaintiff's motion under advisement to consider further sanctions under Fed. R. Civ. P. 37.

## II.  ANALYSIS

Pursuant to Fed. R. Civ. P. 37(d), a party who fails to appear for deposition or answer interrogatories may be subject to sanctions. If the party fails to comply with a court's order compelling such discovery, then severe sanctions pursuant to subsection (b)(2) of that rule may be imposed. Defendants have engaged in a course of conduct designed to evade the Court's Orders. Contrary to the Court Orders, defendants consistently avoided discovery at every step and only produced documents demonstrating defendants' egregious behavior after Court Order. Thereafter, defendants avoided producing defendant Michael S. Han for depositions, and after finally producing him, defendants

4

improperly asserted the Fifth Amendment in order to avoid questioning. Not only did Mr. Han assert the Fifth Amendment in response to virtually every question posed, even those clearly answerable without violating his constitutional rights, he also improperly asserted them on behalf of defendant Envion, Inc. for which there are no such constitutional protections. Previously, this Court specifically warned defendants that defendants' noncompliance with Court Orders could implicate the severest of Rule 37 sanctions. Given defendants' pattern of behavior and their latest attempt to contravene a Court order through the blanket assertion of the Fifth Amendment at deposition, the undersigned recommends that the Court enter default judgment against defendants Michael S. Han and Envion, Inc. on all counts.

## III. <u>RECOMMENDATION</u>

For the reasons outlined above, the undersigned recommends that the Court enter default judgment against defendants Michael S. Han and Envion, Inc. on all counts.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

Michael S. Han
232 Garden Road
Palm Beach, Florida 33480

Envion, Inc.
11380 Prosperity Farms Road
Suite 221E
Palm Beach Gardens, Florida 33410

Envion, Inc.
510 Evernia Street
West Palm Beach, FL 33401

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

April 17, 2013
Alexandria, Virginia